**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABRAHAM ALEXANDER LAYA LONDAETA,<br>Petitioner,<br>v.<br>U.S. GENERAL ATTORNEY, et al.,<br>Respondents. | Case No. 1:26-cv-07640-JLT-EGC<br>A-Number: 240-288-258<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1.) |

Abraham Alexander Laya Londaetais a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 5.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Venezuela and entered the United States without inspection in February 2022, where he was encountered by U.S. Border Patrol at the Texas border. (Doc. 10 at 5.) Petitioner was issued a Notice to Appear, charging him as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act and released on recognizance. (*Id.*; *see also* Doc. 9 at 13.) Petitioner claims to have an application for Temporary Protected Status and a

pending Form I-589, Application for Asylum and Withholding of Removal. (Doc. 9 at 1.) On October 24, 2024, Petitioner was issued another Notice to Appear, charging him as removable pursuant to §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 7 at 5.) He was arrested and charged in Florida for a violation of the Florida statute 322.03-1 – violating a motor vehicle without a valid license, on June 4, 2023. (Doc. 10 at 19.) A state warrant was issued because he failed to appear and answer those charges. (Doc. 7 at 9-17.) Petitioner was then arrested and taken into state custody, where he was encountered by ICE in the Osceola jail on August 25, 2026. (Doc. 10 at 9.) A detainer was lodged by ICE the next day and Petitioner was transferred into immigration custody. After being taken into ICE custody, Petitioner was subsequently transferred to the California City Detention Facility in California City, California, where he remains. (Doc. 1 at 1.)

On September 21, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (Doc. 1 at 7-8.) On October 2, 2026, Respondents filed a response to the petition, in which they assert detention in this case is pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. 7 at 1-2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-

CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

However, that is not the end of the inquiry. The Court finds that Respondents may well have a legitimate interest in Petitioner's detention based on his failure to appear for his recent arraignment. "That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026); *see also Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated her flight.") Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision. The Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government

must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 20, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE